**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

H&H BROKERAGE, INC.                                                                    PLAINTIFF

v.                                        4:07CV00533-WRW

J R SIMPLOT COMPANY, INC.                                                         DEFENDANT

<u>ORDER</u>

Pending is Defendant's Motion for Summary Judgment (Doc. No. 16). Plaintiff has

responded (Doc. No. 19), and Defendant has replied (Doc. No. 22). For the reasons set out

below, Defendant's Motion is GRANTED.

**I. SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only when there is no genuine issue of material fact, so

that the dispute may be decided on purely legal grounds.[1]  The Supreme Court has established

guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the
> need for a trial -- whether, in other words, there are any genuine factual issues that
> properly can be resolved only by a finder of fact because they may reasonably be
> resolved in favor of either party.[2]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an

extreme remedy that should only be granted when the movant has established a right to the

judgment beyond controversy.[3]  Nevertheless, summary judgment promotes judicial economy by

---

[1]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[2]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[3]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

preventing trial when no genuine issue of fact remains.[4]  I must view the facts in the light most

favorable to the party opposing the motion.[5]  The Eighth Circuit has also set out the burden of

the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate,
> *i.e.*, "[to point] out to the District Court," that the record does not disclose a genuine
> dispute on a material fact.  It is enough for the movant to bring up the fact that the
> record does not contain such an issue and to identify that part of the record which
> bears out his assertion.  Once this is done, his burden is discharged, and, if the record
> in fact bears out the claim that no genuine dispute exists on any material fact, it is
> then the respondent's burden to set forth affirmative evidence, specific facts,
> showing that there is a genuine dispute on that issue.  If the respondent fails to carry
> that burden, summary judgment should be granted.[6]

Only disputes over facts that may affect the outcome of the suit under governing law will

properly preclude the entry of summary judgment.[7]

## II. BACKGROUND

### A. The Parties

Plaintiff, a property broker authorized to arrange for the transportation of commodities by

motor carrier, is an Arkansas corporation with its principal place of business in Monroe County,

Arkansas.[8] Plaintiff and H&H Transportation, a motor carrier[9] and Arkansas corporation, are

---

[4]*Id.* at 728.

[5]*Id.* at 727-28.

[6]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[7]*Anderson*, 477 U.S. at 248.

[8]Doc. No. 1.

> The term "broker" means a person, other than a motor carrier or an
> employee or agent of a motor carrier, that as a principal or agent

closely related.[10] One individual is president of both companies; another individual is

secretary/treasurer for both companies; and the businesses shared a telephone number, a fax

number, and an accountant.[11] It was common for a customer to pay H&H Transportation for

loads brokered by Plaintiff.[12] As the president of Plaintiff and H&H Transportation said, the two

businesses operated as if they were one company.[13] Defendant is a Nevada corporation

authorized to do business in Idaho.[14]

Under a Co-Brokerage Agreement entered into by Plaintiff and Defendant in September,

1995, Plaintiff arranged for the transportation of commodities by motor carrier for Defendant.[15]

After working together for some amount of time under the Co-Brokerage Agreement, the parties'

business relationship slowed considerably.[16] Following that period of limited contact, Defendant

and H&H Transportation entered into a Transportation Services Agreement (the "Transportation

---

        sells, offers for sale, negotiates for, or holds itself out by solicitation,
        advertisement, or otherwise as selling, providing, or arranging for,
        transportation by motor carrier for compensation.

49 U.S.C. § 13102(2).

    [9] "'Motor carrier' means a person providing commercial motor vehicle . . . transportation for compensation." 49 U.S.C. § 13102(14).

    [10]See Doc. No. 17, Ex. F.

    [11]*Id.*

    [12]*Id.*

    [13]*Id.* The companies are different "entities for liability purposes and insurance purposes." *Id.* at line 18.

    [14]Doc. No. 1.

    [15]*Id.*

    [16]Doc. No. 17, Ex. F.

Agreement") on September 13, 2004.[17]  Under the Transportation Agreement, H&H Transportation was the carrier, and Defendant provided the goods to be transported.[18] The Transportation Agreement stipulated that H&H Transportation would not use another carrier, or broker shipments, without Defendant's prior permission.[19] The Transportation Agreement also specified the rates Defendant would pay for various services.[20] Plaintiff invoiced Defendant for brokered loads using the rates set out in the Transportation Agreement between H&H Transportation and Defendant.[21]

Plaintiff alleges that between September 13, 2004, and April 19, 2005, the parties verbally modified the rates set out in the Transportation Agreement.[22] Plaintiff alleges Defendant did not honor the modifications and short-paid multiple invoices.[23] Both the Co-Brokerage Agreement and the Transportation Agreement contained a choice of law clause providing that Idaho law governed the agreements.[24]

---

[17]Doc. No. 1; Doc. No. 17, Ex. I.

[18]Doc. No. 17, Ex. I.

[19]*Id.*

[20]*Id.*

[21]Doc. No. 17, Ex. F.

[22]Doc. No. 1.

[23]*Id.*

[24]Doc. No. 17, Exs. H, I.

B. Procedural History

On September 27, 2005, Defendant filed a complaint against H&H Transportation in the United States District Court for the District of Idaho (the "Idaho Case"), alleging that H&H Transportation was responsible for damage to a shipment of guacamole product.[25] The product had to be destroyed,[26] and Defendant brought suit under 49 U.S.C. § 14706(a)(1).[27]

H&H Transportation counter-sued.[28] The Idaho Case was tried before a jury on February 27, 2007.[29]

In connection with H&H Transportation's counter-claim, the jury considered the following questions:

> Question No. 1: Was there an enforceable modification to the contract or contracts between the parties or subsequent oral contract or contracts for the rates charged on the shipment of loads? Question No. 2. Did J.R. Simplot Company materially breach the modification or oral contract or contracts? Question No. 3 What is the amount of damages, if any, sustained by H&H Transportation as a result of the breach or breaches?[30]

The jury answered "yes" to the first two questions, and awarded H&H Transportation $704.70.[31]

---

[25]Doc. No. 17, Ex. C. District of Idaho Case No. CIV 05-397-S-EJL.

[26]Doc. No. 17, Ex. C.

[27]49 U.S.C. § 14706 addresses the liability of carriers under receipts and bills of lading. 49 U.S.C. § 14706(a)(1) provides a cause of action for "actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported . . . ." The action may be brought either in a United States District Court, or in a State court in a State through which the defendant carrier operates. 49 U.S.C. § 14706(d).

[28]Doc. No. 20.

[29]Doc. No. 17, Ex. E.

[30]*Id.*

[31]Doc. No. 17, Ex. E. While H&H Transportation's counter-claim was made under 49 U.S.C. § 14706(a)(1), the jury considered a breach of contract claim.

Plaintiff was not a party to the Idaho Case.[32] Plaintiff contends that when Defendant challenged H&H Transportation's standing to recover on Plaintiff's behalf, Plaintiff sought to assign its claims to H&H Transportation, and alternatively, to join the case.[33] The District Court Judge in the Idaho Case allowed neither the assignment nor the joinder because both were requested too late -- much after the dates specified in the Court's scheduling order -- and because the assignment at such a late date would be prejudicial.[34] As a result, evidence of Defendant's alleged underpayment was limited to invoices where H&H Transportation was the motor carrier; no evidence of fees Defendant allegedly owes Plaintiff was allowed in the Idaho Case.[35]

C. The Current Claims

Plaintiff contends that it never had its day in court, and seeks in this case to recover amounts allegedly underpaid under the modifications to the Transportation Agreement.[36] Defendant  maintains that Plaintiff's claim is barred by *res judicata* because Plaintiff and H&H Transportation are in privity, and the claims in the present case should have been raised during the Idaho Case.

---

[32]Doc. No. 17, Ex. C. It is unclear why H&H did not join the action earlier on in the proceedings.

[33]Doc. No. 20. On January 30, 2007, H&H Brokerage assigned to H&H Transportation for the consideration of $1.00 any rights it may have to collect overdue unpaid and underpaid freight charges and brokerage fees from J.R. Simplot Co., Inc. -- allegedly $131,370.68. Doc. Nos. 1, 17.

[34]Doc. No. 20.

[35]Doc. No. 20. H&H Transportation was the motor carrier some of the time, but not all of the time. Doc. No. 17, Ex. F. The Agreement allowed H&H Transportation to ship via other motor carriers with prior permission from Defendant. Doc. No. 17, Ex. I.

[36]Doc. No. 20.

## III. DISCUSSION

The Eighth Circuit Court of Appeals has held that when state law provided the basis for the original judgment of a federal court sitting in diversity, "the res judicata effect of the first forum's judgment is governed by the first forum's law, not by the law of the second forum."[37] In *Hillary v. Trans World Airline, Inc.*, the Eighth Circuit Court of Appeals affirmed the District Court's granting of summary judgment in favor of the defendants.[38] The District Court for the Eastern District of Missouri had applied Louisiana law and found that the case, previously decided in a federal court in Louisiana sitting in diversity and applying Louisiana law, was barred by res judicata.[39] The District Court for the Eastern District of Louisiana, also applying Louisiana law, ruled that Hillary's cause of action was time barred.[40] The Eighth Circuit explained that "[a]lthough the majority of circuits have held that the res judicata effect of a federal court judgment in a diversity action is a matter of federal law, cases from this circuit have consistently concluded that [the res judicata or] collateral estoppel [effect of a prior judgment] in a diversity action is a question of substantive law controlled by state common law."[41]

In the Idaho Case, the parties were diverse, but jurisdiction was based on federal subject matter. H&H Transportation's counter claim involved a contract dispute governed by Idaho state

---

[37]*Hillary v. Trans World Airlines, Inc.*, 123 F.3d 1041, 1043 (8th Cir. 1997) (citation omitted).

[38]*Id.* at 1046.

[39]*Id.* at 1042-43.

[40]*Id.* at 1042.

[41]*Hillary*, 123 F.3d at 1044 (internal quotations omitted) (citing *Austin v. Super Valu Stores, Inc.*, 31 F.3d 615, 617 (8th Cir. 1994)).

law.[42] In the present case, jurisdiction is based on diversity, and Plaintiff's complaint seeks relief for breach of contract and unjust enrichment -- claims governed by Arkansas law. Because it is consistent with Eighth Circuit precedent in connection with the res judicata effect of a federal court's judgment in a diversity action in which state law was applied, I find that Idaho state law governs in deciding if Plaintiff's claims are barred by res judicata.  It would encourage forum shopping, as well as undermine the full faith and credit owed to the judgments of other courts, if federal res judicata law governed.

The Idaho Supreme Court recognizes that res judicata is broad enough to bar both the relitigation of the same cause of action, and the relitigation of the same issue.[43] The aspect of res judicata that bars the relitigation an issue with the same party or its privy is referred to as collateral estoppel.[44] Idaho has adopted separate tests for determining if a claim is barred by collateral estoppel or by claim preclusion (true *res judicata*).[45]

A. <u>Collateral Estoppel</u>

Idaho requires the presence of the following five factors for collateral estoppel to bar the relititgation of an issue:

> (1) the party against whom the earlier decision was asserted had a full
> and fair opportunity to litigate the issue decided in the earlier case;

---

[42]Both the Co-Brokerage and Transportation Agreements specified that Idaho law governed contract disputes. Doc. No. 17, Exs. H, I. While the counter-claim was articulated as a question of federal law, the issue actually heard and decided by the jury was governed by Idaho state law.

[43]*Rodriguez v. Dep't. of Corr.*, 136 Idaho 90, 93 (2001).

[44]*Id.*

[45]*Ticor Title Co. v. Stanion*, 157 P.3d 613, 617 (2007). The Idaho Supreme Court refers to claim preclusion as "true *res judicata*."

(2) the issue decided in the prior litigation was identical to the issue presented in the present action; (3) the issue sought to be precluded was actually decided in the prior litigation; (4) there was a final judgment on the merits in the prior litigation; and (5) the party against whom the issue is asserted was a party or in privity with a party to the litigation.[46]

Plaintiff's claims in this case are not barred by issue preclusion. The issues heard and decided in the District Court for the District of Idaho are not identical to the issues presented in this action.[47] In the Idaho Case, the court did not consider an unjust enrichment claim. Further, the court did not consider evidence of Plaintiff's losses.[48] Because the District Court for the District of Idaho never decided an unjust enrichment claim, or breach of contract claim with respect to Plaintiff, this case is not barred by issue preclusion.

## B. True "Res Judicata" or Claim Preclusion

Under Idaho law, "in an action between the same parties upon the same claim or demand, the former adjudication concludes parties and privies not only as to every matter offered and received to sustain or defeat the claim but also every matter which might and should have been litigated in the first suit."[49] There are three elements needed for claim preclusion to bar a suit: (1) the same parties; (2) the same claim; and (3) a final judgment.[50]

### 1. *The Same Parties*

---

[46]*Id.* at 618.

[47]Compare Doc. No. 1. and Doc. No. 17, Ex. C.

[48]Doc. No. 17.

[49]*United States Bank Nat'l. Ass'n. v. Kuenzli*, 134 Idaho 222, 226 (2000) (citing *Farmers Nat. Bank v. Shirley*, 126 Idaho 63, 70 (1994).

[50]*Ticor Title Co.*, 157 P.3d at 618.

Claim preclusion applies only in a proceeding involving the original parties "or their privies."[51] If parties are in privity is a factual issue to be determined on a case by case basis.[52] An individual's knowledge of and participation in a case as a non-party does not necessarily create privity.[53] "To be privies, a person not a party to the former action must 'derive[] his interest from one who was a party to it, that is, . . . he [must be] in privity with a party to that judgment.'"[54]

Plaintiff and H&H Transportation are in privity. The two companies had employees in common, operated as one company, shared a mailing address, were listed in the telephone book with the same telephone number, had the same fax number, and the sign in front of one location read "H&H Transportation/Brokerage."[55]  Customers would often pay H&H Transportation for services provided by Plaintiff.[56] On January 30, 2007, Plaintiff assigned to H&H Transportation for the consideration of $1.00 any rights it may have to collect overdue unpaid and underpaid freight charges and brokerage fees from J.R. Simplot Co., Inc. -- allegedly $131,370.68.[57] During a motions hearing on February 26, 2007, the Honorable Edward J. Lodge denied the admission of evidence of the assigned claims at the jury trial in the Idaho Case because the

---

[51]*Id.*

[52]See *Gubler v. Brydon*, 125 Idaho 107, 110 (1994).

[53]See *Foster v. St. Anthony*, 122 Idaho 883, 888 (1992) (finding no privity between original plaintiff and subsequent plaintiff where they had the same counsel, original plaintiff made a large number of phone calls to subsequent plaintiff, subsequent plaintiff attended all hearing during course of original plaintiff's litigation, original plaintiff was at one time included as a party in subsequent plaintiff's case, and subsequent plaintiff's complaint was allegedly drafted to avoid the effect of res judicata).

[54]*Ticor Title Co.*, 157 P.3d at 618.

[55]See Doc. No. 17, Ex. F.

[56]*Id.*

[57]Doc. Nos. 1, 17, Ex. F.

assignment was time barred and not in compliance with the court's scheduling order.[58] In May, 2007, H&H Transportation assigned  H&H Brokerage's rights to collect from Defendant back to H&H Brokerage, also for the consideration of $1.00.[59] Collectively, these facts support the conclusion that H&H Transportation and Plaintiff share interests to the extent of putting them in privity.

### 2. *The Same Claim*

Idaho uses the "transactional" approach in determining what constitutes a "claim"; "[a] factual grouping constitutes a transaction -- and therefore a claim -- regardless of whether the plaintiff, in separate lawsuits, has asserted different types of harm or has sought different forms of relief."[60] Which facts constitute a transaction should be decided "pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the

---

[58]Doc. No. 17, Ex. D.  Judge Lodge stated "the Court is not going to permit the assigning of claims of H&H Brokerage. They are not a party, it is filed late, it is not in compliance with the scheduling order, and the amendments to pleadings were to occur prior to April 1, 2006, and that was not done." On February 27, 2007, at the jury trial in the Idaho case, Judge Lodge said in connection with H&H Transportation's request to bring a counterclaim: "[t]here is no question but you would have if you had done it timely. It had noting to do with whether you could do it or not, it is just simply you didn't do it timely." *Id.*

[59]Doc. No. 17, Ex. B.

[60]*Wing v. Hulet*, 106 Idaho 912, 915-16 (1984) (internal quotations omitted) (discussing sections 18, 19, 24, and 25 of the Restatement (Second) of Judgments (1982)). See also *Diamond v. Farmers Group*, 119 Idaho 146, 150  (1990) ("[a] valid and final judgment rendered in an action extinguishes all claims arising out of the same transaction or seriew of transactions out of which the cause of action arose.").

parties' expectations or business understanding or usage."[61]  "The 'sameness' of a cause of

action is determined by examining the operative facts underlying the two lawsuits."[62]

In the Idaho Case, the jury heard evidence on the alleged breach of verbal modifications

to the Transportation Agreement, but only in connection with the damages suffered directly by

H&H Transportation. The jury decided that Defendant breached the Transportation Agreement,

and the jury found for H&H Transportation in the amount of $704.70. In this case, Plaintiff

asserts that because of the findings in the Idaho Case, Defendant is collaterally estopped from

denying that an increased rate schedule was incorporated into the Transportation Agreement

between Defendant and H&H Transportation.[63] With the exception of damages, Plaintiff relies

on the same facts here as H&H Transportation relied on in the Idaho Case. Thus, the operative

facts underlying this case and the Idaho Case are the same.

---

[61]*Id.* Comment a to § 24 reads:

> [In] the days when civil procedure still bore the imprint of the forms
> of action and the division between law and equity, the courts were
> prone to associate claim with a single theory of recovery, so that,
> with respect to one transaction, a plaintiff might have as many claims
> as there were theories of the substantive law upon which he could
> seek relief against the defendant . . . .
>
> * * * *
>
> The present trend is to see claim in factual terms and to make it
> coterminous with the transaction regardless of the number of
> substantive theories, or variant forms of relief flowing from those
> theories, that may be available to the plaintiff . . . .

[62]*Diamond v. Farmers Group*, 119 Idaho 146, 149 (1990) (citing Restatement (Second)
of Judgments, § 61, Comment a (Tent. Draft No. 1 1973)).

[63]Doc. No. 1.

3. *A Final Judgment*

The United States District Court for the District of Idaho entered an Amended Judgment in the Idaho Case on May 15, 2007.[64]  No party appealed the judgment.[65]

## IV. CONCLUSION

Because the parties -- or their privies -- and the claims are the same in both this case and the Idaho Case, and because there was a final judgment entered in the Idaho Case, Plaintiff's claims are barred by res judicata.[66] Accordingly, Defendant's Motion for Summary Judgement is GRANTED, and Plaintiff's claims are DISMISSED with prejudice.

IT IS SO ORDERED this 12th day of February, 2008.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[64]*J.R. Simplot, Inc. v. H&H Transportation, Inc*., No. CIV 05-397-S-EJL (D. Idaho 2007), Doc. No. 86.

[65]Doc. No. 17.

[66]The outcome of this case would be the same even if federal res judicata law had been applied. The Eighth Circuit uses virtual representation, one method of determining if parties are in privity, liberally. *Tyrus v. Schoemehl*, 93 F.3d 449, 455 (8th Cir. 1996). "Privity . . . is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata." *Id*. (citing *Gerrard v. Larsen*, 517 F.2d 1127, 1134 (8th Cir. 1975)). Lack of an "effective and diligent prosecution of the case at the first trial" is not a bar to virtual representation. *Id*. at 457-58. "[A]dequate representation is best viewed in terms of incentive to litigate." *Id*. at 458. While Plaintiff argues that under federal res judicata law Plaintiff and H&H Transportation are not in privity, the record shows that Plaintiff and H&H Transportation "operated as one." Doc. No. 17, Ex. F. Plaintiff attempted to join the Idaho Case, or to assign its interests to H&H Transportation, but was unsuccessful because those attempts were not made in compliance with that court's scheduling order. Further, the record indicates that Plaintiff was a third-party beneficiary to the Agreement between Defendant and H&H Transportation. Both Plaintiff and H&H Transportation had an incentive to litigate arising from Defendants breach of the new rate schedule incorporated into the Agreement. Plaintiff and H&H Transportation shared interests to the extent that the parties are in privity even under federal res judicata law as applied by the Eighth Circuit.